Filed 3/7/23  P. v. Blacksher CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B319808 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA155892) |
| v. | |
| DEMARIAH BLACKSHER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Demariah Blacksher appeals from a judgment entered after a jury verdict. Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

An information charged Blacksher with one count of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)). The information further alleged that the offense was a serious or violent felony, requiring a sentence to be served in state prison. (§ 1170, subd. (h)(3).) Blacksher proceeded to a jury trial.

At Blacksher's trial, the victim, two investigating officers, and the victim's surgeon testified for the prosecution. The evening of the incident, Blacksher entered the victim's tobacco store, where the victim was working behind the counter, with a male companion, a regular customer who the victim knew as "T.B." Blacksher picked up a toy gun from a display and pointed it at the victim, and then Blacksher and T.B. left the store. They returned five minutes later and Blacksher asked the victim to use the store's restroom. The victim told Blacksher there was no public restroom. After Blacksher insisted, the victim attempted to physically block Blacksher from getting to the restroom. Blacksher threatened to "do something" to the victim outside. Blacksher and T.B. left the store, but as the victim followed them to the door, the victim was punched in the left jaw area, knocking him unconscious and later requiring surgery to his jaw. The victim was 100 percent sure the assailant was Blacksher. Shortly thereafter, the victim identified Blacksher in a photo array. The store's surveillance footage, which captured the beginning of the incident, was played at trial.

---

[1] All undesignated statutory references are to the Penal Code.

After the court granted the People's motion to admit Blacksher's prior felony conviction and the conduct underlying several juvenile adjudications for impeachment purposes, Blacksher declined to testify on his own behalf. However, Blacksher presented expert testimony from a psychologist specializing in eyewitness memory and suggestibility, opining on the effect of the passage of time and of viewing a video of an event on a person's ability to recall certain details. The jury was instructed on eyewitness identifications.

The jury found Blacksher guilty as charged. In April 2022, the trial court sentenced Blacksher to the low term of two years in state prison. Blacksher received 684 days of custody credits. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (stayed pending revocation of parole) (§ 1202.45), a $30 court facility assessment (Gov. Code, § 70373, subd. (a)(1)), and a $40 court operations assessment (§ 1465.8, subd. (a)(1)).

Blacksher appealed. His court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d at page 441. By letter, we advised Blacksher that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. He did not submit a brief.

We have examined the record and are satisfied no arguable issues exist and Blacksher's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


NGUYEN (KIM), J.*

We concur:


EDMON, P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.